IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| The United States of America for the Use and Benefit of D&T Steel Fabricators, Inc., Plaintiff, | Case No. 2:08-cv-3963-RMG |
| v. | **ORDER AND JUDGMENT** |
| GSC Construction Defendant. | |

Before the Court is Plaintiff D&T Steel Fabricators, Inc. and Third-Party Defendant Cincinnati Insurance Company's motion for confirmation of the arbitration award by this Court pursuant to 9 U.S.C.A. § 9. (Dkt. No. 46). From the Record before this Court, the only remaining item to be paid following the arbitration proceeding is $1,345.50 in interest. (*Id.* at p. 3). Neither GSC Construction or Liberty Mutual filed an objection to D&T Steel and Cincinnati Insurance's request for confirmation of the arbitration award with respect to the outstanding interest to be paid.

It is well settled that a court's review of an arbitration award "is among the narrowest known to the law." *United States Postal Service v. Am. Postal Workers Union*, AFL-CIO, 204 F.3d 523, 527 (4th Cir.2000) (internal quotation marks omitted). "A court sits to 'determine only whether the arbitrator did his job-not whether he did it well, correctly, or reasonably, but simply whether he did it.' " *Id.* (quoting *Mountaineer Gas Co. v. Oil, Chem. & Atomic Workers Int'l Union*, 76 F.3d 606, 608 (4th Cir.1996)). "As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Paper-Workers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987). The Fourth Circuit has emphasized the

limited scope of judicial review because "[a] policy favoring arbitration would mean little, of course, if arbitration were merely the prologue to prolonged litigation . . . Opening up arbitral awards to myriad legal challenges would eventually reduce arbitral proceedings to the status of preliminary hearings." *Remmey v. Paine-Webber, Inc.*, 32 F.3d 143, 146 (4th Cir.1994). Therefore, "[a] confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act." *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir.1986); *see also Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir.1987) ("Absent a statutory basis for modification or vacatur, the district court's task [is] to confirm the arbitrator's final award as mandated by section 9 of the Act.").

Having received no objection to the request for confirmation pursuant to 9 U.S.C.A. § 9 and having reviewed the arbitrator's award and deciding that the arbitrator did his job as requested, this Court hereby confirms the arbitration award and orders the judgment, as outlined in the arbitrator's award to be paid. Judgment is entered in favor of D&T Steel Fabricator's Inc. and Cincinnati Insurance Company in accordance with the arbitrator's decision and the outstanding amount should be paid.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 15, 2010
Charleston, South Carolina